IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JERRY LYNN GAVIN,

                        Petitioner,

        v.                                  CASE NO. 06-3134-SAC

STATE OF KANSAS, et al.,

                        Respondents.


O R D E R

This matter is before the court on a pro se petition and supporting brief for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner did not pay the $5.00 district court filing required under 28 U.S.C. § 1914(a). Nor did petitioner file a motion for leave to proceed in forma pauperis without prepayment of the district court filing fee, as provided in 28 U.S.C. § 1915(a). The court grants petitioner additional time to satisfy one of these statutory requirements. The failure to file a timely response may result in the petition being dismissed without prejudice and without further prior notice to petitioner.

Petitioner appears to be alleging constitutional error in his state conviction for murder in Riley County Case 03-CR-843. It also appears petitioner is currently pursuing post-conviction relief in the state courts regarding that conviction. Habeas relief under § 2254 is not available unless the applicant has fully exhausted state court remedies, or can demonstrate such remedies are unavailable or ineffective under the circumstances. 28 U.S.C. § 2254(b)(1). Accordingly, the court directs petitioner to show cause why this

Dockets.Justia.com

matter should not be dismissed without prejudice because petitioner has not yet exhausted available remedies in the state district and appellate courts.

Petitioner is advised that a one year limitation period applies to habeas applications filed by a person in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1).  Typically, this limitation period begins running from when the state court conviction became final.[1]  If this one year period had not yet expired when petitioner filed his post conviction motion in the state courts, that state court filing stopped or "tolled" the running of the one year period.[2]  *See* 28 U.S.C. § 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).  *See also* Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir.

---

[1]The statute provides three other dates that might start the running of the limitation period if applicable.  28 U.S.C. § 2244(d)(1) states the limitation period "shall run from the latest of -
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

[2]The limitations period also is subject to equitable tolling but only if a petitioner demonstrates due diligence and rare and exceptional circumstances beyond his control that prevented his timely filing.  *See* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

2001)(application for post-conviction relief filed after expiration of one-year limitations period has no tolling effect), *cert. denied*, 535 U.S. 1034 (2002). Once petitioner's state post-conviction proceeding is final, whatever time remained in the one year limitation period when it was tolled begins running.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to submit the $5.00 district court filing fee or an executed form motion for seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed without prejudice based upon petitioner's apparent nonexhaustion of state court remedies.

**IT IS SO ORDERED.**

DATED: This 16th day of May 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge