IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JERRY LYNN GAVIN,

                Petitioner,

    v.                                  CASE NO. 06-3134-SAC

STATE OF KANSAS, et al.,

                Respondents.

**O R D E R**

Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2254, and has paid the $5.00 district court filing fee.

By an order dated May 16, 2006, the court directed petitioner to show cause why the petition should not be dismissed without prejudice because it appeared petitioner was currently pursuing post-conviction relief in the state courts. In response (Doc. 4), petitioner filed a pleading which reflects petitioner's confusion regarding the requirements for seeking habeas corpus relief in the federal courts. Petitioner also requests appointment of counsel, a hearing on his claims, and information regarding any state court remedies that petitioner's previous counsel failed to utilize on petitioner's behalf.

A United States district court is authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). When the person is in custody pursuant to a state court judgment, 28 U.S.C. § 2254 dictates that no such relief is

available unless the applicant has exhausted state court remedies, or demonstrates that such remedies are unavailable or ineffective under the circumstances.  28 U.S.C. § 2254(b)(1).  Additionally, any petition for habeas corpus relief under 28 U.S.C. § 2254 must be timely filed.  *See* 28 U.S.C. 2244(d)(1)(A)(one year limitation period applicable to habeas petitions filed by a person in custody pursuant to a state court judgment runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.").

In the present case, petitioner cites the termination of direct review of a sentencing claim asserted regarding the sentence imposed for his first degree murder conviction in Riley County, Kansas (Case No. 03-CR-843).  Although that direct review proceeding is now final, as petitioner indicates,[1] it appears petitioner is currently seeking post-conviction relief on additional claims regarding that same state conviction. Accordingly, to the extent petitioner seeks federal habeas review of any claims asserted in the post-conviction proceeding, petitioner must first exhaust state court remedies (including a state court appeal and petition for review) in that action.  The court thus concludes the petition should be dismissed without prejudice to allow petitioner to complete his state post-conviction remedies.

Petitioner is again reminded that he must seek federal habeas review in a timely manner.  If the year provided under 28 U.S.C. § 2244(d)(1) had not yet expired when petitioner filed his post-

---

[1] Petitioner provides a copy of a letter sent to him from the Kansas Appellate Defender's officer regarding the termination of Kansas Appeal No. 93971 on December 9, 2005.

conviction motion in the state courts, then the running of that federal limitations period was stopped ("tolled"), 28 U.S.C. § 2244(d)(2), and remains stopped throughout petitioner's pending post-conviction proceeding and any timely appeal therefrom. Once petitioner's state post-conviction proceeding is final, whatever time remained in the one year limitation period when it was tolled begins running.

Petitioner is also advised that the federal courts are not part of, or an alternative forum, of the state appellate process. *See* Ex parte Tom Tong, 108 U.S. 556, 559-60 (1883)(federal habeas process is an independent civil action, and is not part of the state appellate process from a state court conviction). Petitioner's request for appointment of counsel is denied as moot.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 6th day of June 2006 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge